## AS TO APPLICATION OF THE DOCTRINE OF LAST CHANCE.

Circuit Court of Cuyahoga County.

JOHN BEJAC v. THE CLEVELAND, PAINESVILLE & EASTERN
RAILWAY COMPANY.

Decided, October 28, 1912.

*Negligence—When Doctrine of "Last Chance" Does Not Apply.*

The doctrine of last chance has no application in cases where the negligence of both plaintiff and defendant are concurrent and directly contributing to produce the accident, but only in cases where the negligence of the defendant is proximate and that of the plaintiff remote.

*Pattison & Austin,* for plaintiff in error.
*Kline, Tolles & Morley,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

The plaintiff in error was injured while crossing in front of an approaching car of the defendant company. His case was submitted to a jury, which brought in a verdict for the defendant under a charge which eliminated from the consideration of the jury any application of the doctrine of last clear chance.

For the purpose of testing the correctness of the judgment on this verdict, it may be conceded that the company was negligent in operating its car at too great a speed and in not sounding a gong or giving other warning of the approach of the car, or was otherwise negligent. But the plaintiff was negligent, also, He carelessly put himself in a place of danger. If he looked and did not see the approaching car, as he testified, his senses must have been befuddled by the beer he had just drunk. There was an unobstructed view in the direction from which the car was coming, of over 800 feet. It was a clear day about noon. The motorman saw the plaintiff and his companion when they left the saloon and started to cross the street and the tracks, when he was about 350 feet away. He had a right to believe that the men would look and see the car, as he saw them, and no step upon the track immediately in front of the car, as they did.

Plaintiff must have been within fifteen to fifty feet of the car when he stepped upon the track. His companion was ahead of him and barely jumped out of the way.

This contributory negligence on the part of the plaintiff in stepping in front of a rapidly approaching car, which he should have seen, bars his recovery, because his negligence was contemporaneous with that of the motorman, and was a proximate cause of the injury.

In the case of *Drown* v. *Traction Company*, 76 O. S., 234, Judge Davis, after quoting from *Thompson on Negligence* to the effect that "Although a person comes upon the track negligently, yet if the servants of the railway company, *after they see* his danger, can avoid injuring him, they are bound to do so." goes on to say, on page 248 of the opinion:

"Now it must be apparent upon even a slight analysis of this rule, that it can be applied only in cases where the negligence of the defendant is proximate and that of the plaintiff remote; for if the plaintiff and the defendant both be negligent, and the negligence of both be concurrent and directly contributing to produce the accident, why then the case is one of contributory negligence pure and simple. But if the plaintiff's negligence merely put him in a place of danger and stopped there, not actively continuing until the moment of the accident, and the defendant either knew of his danger, or by the exercise of such diligence as the law imposes on him would have known it, then, if the plaintiff's negligence did not concurrently combine with defendant's negligence to produce the injury, the defendant's negligence is the proximate cause of the injury and that of the plaintiff is a remote cause. This is all there is of the so-called doctrine of the last clear chance."

On authority of the Drown case, it would have been proper if the trial judge had directed a verdict for the defendant.

There is no error in the record prejudicial to plaintiff in error, and the judgment is affirmed.